**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHARLIE H. DAVIS, INDIVIDUALLY AND ON BEHALF OF LEQUINDRA KEION DAVIS AND KAITRONDRA CHALISE DAVIS,**

**Plaintiffs,**

**-vs-** **Case No. 6:05-cv-416-Orl-28DAB**

**HON. GEORGE WINSLOW, JR., HON RICHARD S. GRAHAM, BARBARA FANCHER JONES, KATHY A. JIMENEZ, ERIC K. NEITZKE, DONNA S. ZMIJEWSKI, HARRY SPERL,**

**Defendants.**

---

# ORDER

This case is before the Court on three motions:

- Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 50);
- Plaintiffs' Amended Motion for Preliminary & Emergency Injunctive Relief (Doc. 51);
- Defendant Richard E. Brown's Limited Notice of Appearance and Motion to Strike Defendant Brown as a Named Party (Doc. 52).

Procedurally, this case is a tangled web. Plaintiffs filed their original Complaint (Doc. 1) on March 17, 2005. Plaintiffs filed an Amended Complaint (Doc. 5) on March 30, 2005. Plaintiffs filed a Second Amended Complaint (Doc. 25) on April 12, 2005. Plaintiffs filed a Third Amended Complaint (styled only as "Amended Complaint) (Doc. 36) on May 2, 2005.

On May 3, 2005, Plaintiffs filed a Motion for Leave to Amend and Response to Defendant's Eric K. Neitzke and Harry Sperl's Motion to Dismiss along with an attachment styled "Plaintiff's First Amended Complaint for Damages and Injuctive [*sic*] Relief" (Doc. 37). On May 4, 2005, Plaintiffs filed an Amended Motion to Amend the Complaint (Doc. 44) along with an attachment styled "Plaintiff's First Amended Complaint for Damages and Injuctive [*sic*] Relief." On May 9, 2005, the Court entered an Order (Doc. 46) which, among other things, granted Plaintiffs' Motion for Leave to Amend Complaint (Doc. 37) and denied Plaintiffs' Amended Motion to Amend the Complaint (Doc. 44).

Plaintiffs' Amended Motion for Preliminary and Emergency Injunctive Relief (Doc. 51) appears to assert that the Amended Complaint actually pending (the Amended Complaint which was attached Doc. 37) was not the Amended Complaint that Plaintiffs intended to file. Although the exhibits attached to Plaintiffs' Motions to Amend the Complaint (Docs. 37 and 44) are both styled "Plaintiff's First Amended Complaint for Damages and Injuctive [*sic*] Relief," they are, in fact, not identical. The First Amended Complaint attached to Doc. 37 names fewer parties as defendants than does the First Amended Complaint attached to Doc. 44.

At this point, the Court does not want to presume that Plaintiffs intended that the First Amended Complaint attached to Doc. 44 is the Complaint that they wished to file. Accordingly, the Court **DISMISSES without prejudice** the pending Complaint (Doc. 47), and **grants Plaintiffs leave to file an Amended Complaint within thirty (30) days of this Order**. Plaintiffs are cautioned that after filing this Amended Complaint, further amendment will not be permitted.

Accordingly, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 50), Plaintiffs' Amended Motion for Preliminary & Emergency Injunctive Relief (Doc. 51), and Defendant Richard E. Brown's Limited Notice of Appearance and Motion to Strike Defendant Brown as a Named Party (Doc. 52) are all **DENIED as moot**.

Finally, it appears that Plaintiff Charlie H. Davis filed this action on behalf of himself and on behalf of Plaintiffs Leyda E. Chew, Lequindra Keion Davis and Kaitrondra Chalise Davis. Rule 2.01(a) of the Local Rules for the Middle District of Florida prohibits Plaintiff Davis from representing the other Plaintiffs ("No person shall be permitted to appear or be heard as counsel for another in any proceeding before this Court unless first admitted to practice in the Court pursuant to this rule...."). A copy of Local Rule 2.01(a) is attached to this Order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 27th day of May, 2005.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party

# CHAPTER TWO
# ATTORNEYS

## RULE 2.01 GENERAL ADMISSION TO PRACTICE

(a) No person shall be permitted to appear or be heard as counsel for another in any proceeding in this Court unless first admitted to practice in the Court pursuant to this rule (or heretofore admitted under prior rules of the Court).

(b) Only those persons who are members in good standing of The Florida Bar shall be eligible for general admission to the bar of the Court. If a person ceases to be a member in good standing of The Florida Bar, that person will be suspended from the bar of the Court until that person is reinstated to The Florida Bar. However, if the suspension from The Florida Bar is 90 days or less, the person will be automatically reinstated. If the suspension is 91 days or more, that person must apply with the Clerk of Court for reinstatement. Each applicant for general admission shall file with the Clerk a written petition setting forth his residence and office address, his general and legal education, and the Courts to which he has previously been admitted to practice. The petition shall be accompanied by the certificates of two members in good standing of the bar of the Court attesting that the applicant is of good moral character and is otherwise competent and eligible for general admission to practice in the Court (provided, however, members in good standing of the bars of the Northern or Southern Districts of Florida shall be admitted on petition without necessity of such certificates). In addition, each applicant shall furnish a certificate certifying that the applicant has read and is familiar with each of the following: The Federal Rules of Evidence, the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and the Local Rules of the Middle District of Florida.

(c) Petitions for general admission to practice shall be called from time to time in open Court on notice to the applicants; except that, under special circumstances, any United States District Judge or United States Magistrate Judge of the Court may entertain a petition at any time. Upon taking the prescribed oath and payment of the prescribed enrollment fee, the applicant shall then be enrolled as a member of the bar of the Court and the Clerk shall issue a suitable certificate to that effect.

(d) To maintain good standing in the bar of this Court, each attorney admitted under this Rule must pay an annual fee set from time to time by an administrative order. Beginning in the year following the year of the attorney's admission to the bar of this Court, the fee is due annually before the first business day in July. An attorney who fails to pay the annual fee before August 1 of each year is subject to removal from membership in the bar of this Court.