# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHARLIE H. DAVIS and LEYDA E. CHEW, INDIVIDUALLY AND ON BEHALF OF LEQUINDRA KEION DAVIS AND KAITRONDRA CHALISE DAVIS,**

      **Plaintiffs,**

**-vs-**              **Case No. 6:05-cv-416-Orl-28DAB**

**HON. GEORGE WINSLOW, JR., HON RICHARD S. GRAHAM, BARBARA FANCHER JONES, KATHY A. JIMENEZ, ERIC K. NEITZKE, DONNA S. ZMIJEWSKI, HARRY SPERL, et al**

      **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION FOR PRELIMINARY INJUNCTIVE RELIEF (Doc. No. 87)**
>
> **FILED:**   July 11, 2005
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

   *Pro se* Plaintiffs Charlie H. Davis and Leyda Chew file the instant motion, seeking relief against unnamed "authorized service agents" and others, to wit:

> a) restraining authorized service agents, the clerk of the court located in the same build [sic] as defendants . . . from directly or indirectly refusing, process or receipt of service of process for said defendants named herein.
>
> b) restraining authorized service agents, the clerk of court . . . , and the State of Florida Department of revenue office . . . from directly or indirectly refusing the plaintiffs via certified mail-pieces directed to said defendants employed therein.
>
> c) directing that plaintiff may obtain on an expedited basis discovery (including depositions) from defendants regarding financial assets available or to be available to satisfy a judgment in favor of the plaintiffs.

Plaintiffs have filed a memorandum of law in support of the motion. Because the motion is fatally defective on its face, the Court has not scheduled a hearing, and recommends denial of the motion, as frivolous.

## *ANALYSIS*

Whether a preliminary injunction should issue turns upon four factors: 1) a substantial likelihood that the plaintiff will prevail on the merits; 2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; 3) a showing that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to the defendant; and 4) that granting the preliminary injunction will not disserve the public interest. *See Cunningham v. Adams,* 808 F.2d 815, 819 (11th Cir.1987); *Int'l Cosmetics Exchange, Inc. v. Gapardis Health & Beauty, Inc.*, 303 F.3d 1242, 1246 (11th Cir.2002). The plaintiff has the burden of persuasion as to each of these four factors. Failure to sustain this burden with regard to any one of the elements will cause the motion to be denied. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir.1983).

We note at the outset that Plaintiffs'[1] motion seeks relief against unidentified non-parties; namely unnamed "authorized service agents" located in the same build [sic] as defendants. As a practical matter, no injunction can issue against an unknown party.[2] Moreover, to the extent the proposed injunction is directed at these non-parties, the relief sought is separate from any of the matters complained of in the operative complaint, thus, rendering an analysis of the likelihood of success on the merits of the complaint to be irrelevant to the relief sought by the motion.[3]

Moreover, Plaintiffs have not identified any threatened irreparable injury that will befall them, should the injunction not issue. To the extent Plaintiffs assert that Defendants will dissipate assets, Plaintiffs show no grounds for such an assertion, and provide no basis for allowing what amounts to discovery in aid of execution at the outset of a case. Finally, there is no showing that the granting of what would necessarily be an unenforceable injunction would be in the public interest.

An injunction is an extraordinary remedy, to be issued only under extraordinary circumstances. Such are not present here. The motion should be denied.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[1] Although the operative complaint (Doc. No. 74) purports to list Plaintiffs Davis and Chew as suing in their individual capacities and as "father and next friend" of Lequindra and Kaitrondra Davis, Plaintiffs Davis and Chew are not authorized to appear as counsel for the adult children, and the adult children have not brought a claim on their own behalf. Local Rule 2.01(a). Thus, no claim on behalf of the adult children is properly before this Court.

[2] The federal rules provide that no preliminary injunction shall issue without notice. Rule 65(a)(1), Fed. Rules Civ. Procedure.

[3] Although an analysis of the likelihood of success on the merits of the operative complaint is therefore unnecessary, the Court notes that, among other failings, the complaint covers conduct by judicial and state officers that is likely nonactionable pursuant to the doctrines of judicial immunity and qualified immunity.

Recommended in Orlando, Florida on July 18, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
Courtroom Deputy