# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**CHARLIE H. DAVIS, INDIVIDUALLY
AND ON BEHALF OF LEQUINDRA
KEION DAVIS AND KAITRONDRA
CHALISE DAVIS,**

**Plaintiffs,**

**-vs-**                                    **Case No.  6:05-cv-416-Orl-28DAB**

**HON. GEORGE WINSLOW, JR., HON
RICHARD S. GRAHAM, BARBARA
FANCHER JONES, KATHY A. JIMENEZ,
ERIC K. NEITZKE, DONNA S.
ZMIJEWSKI, HARRY SPERL,**

**Defendants.**

_____

## REPORT AND RECOMMENDATION AND ORDER

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument[1] on the following motions filed

herein:

| |
|---|
| **MOTION:**   **MOTION TO DISMISS [MATOUSEK] (Doc. No. 81)** |
| **FILED:**   **June 23, 2005** |
| _____ |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

_____

[1]The Court reviewed these pending motions, and other matters, at a pretrial conference held on August 29, 2005.

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS [WINSLOW, GRAHAM, JIMENEZ, ZMIJEWSKI] (Doc. No. 95)** |
| **FILED:** | **July 19, 2005** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS [JOHN TANNER] (Doc. No. 117)** |
| **FILED:** | **August 4, 2005** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

| | |
|---|---|
| **MOTION:** | **MOTION TO STRIKE [81] MOTION TO DISMISS  (Doc. No. 110)** |
| **FILED:** | **August 1, 2005** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.  Plaintiff raises no grounds sufficient to strike the motion.  The Court will treat the paper as a response to the motion to dismiss.

| | |
|---|---|
| **MOTION:** | **MOTION TO STRIKE [95] MOTION TO DISMISS (GRAHAM) (Doc. No. 121)** |
| **FILED:** | **August 8, 2005** |

**THEREON** it is **ORDERED** that the motion is **DENIED**. Plaintiff raises no grounds sufficient to strike the motion.  The Court will treat the paper as a response to the motion to dismiss.

| | |
|---|---|
| **MOTION:** | **MOTION TO STRIKE [95] MOTION TO DISMISS ((WINSLOW) (Doc. No. 122)** |
| **FILED:** | **August 8, 2005** |

**THEREON** it is **ORDERED** that the motion is **DENIED**. Plaintiff raises no grounds sufficient to strike the motion.  The Court will treat the paper as a response to the motion to dismiss.

| | |
|---|---|
| **MOTION:** | **MOTION TO STRIKE [95] MOTION TO DISMISS (JIMENEZ) (Doc. No. 124)** |
| **FILED:** | **August 10, 2005** |

**THEREON** it is **ORDERED** that the motion is **DENIED**. Plaintiff raises no grounds sufficient to strike the motion.  The Court will treat the paper as a response to the motion to dismiss.

| | |
|---|---|
| **MOTION:** | **MOTION TO STRIKE [95] MOTION TO DISMISS (ZMIJEWSKI) (Doc. No. 125)** |
| **FILED:** | **August 10, 2005** |

**THEREON** it is **ORDERED** that the motion is **DENIED**. Plaintiff raises no grounds sufficient to strike the motion.  The Court will treat the paper as a response to the motion to dismiss.

A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the Plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232 (1974).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.*, 416 U.S. at 236; *Little v. N. Miami*, 805 F.2d 962, 965 (11th Cir. 1986). A count may not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim for relief. *See Conley v. Gibson*, 355 U.S. 41, 45- 46 (1957). Moreover, a court should grant a motion to dismiss where the factual allegations in the plaintiff's complaint present a dispositive legal issue precluding relief. *See Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### THE ALLEGATIONS

As set forth, albeit inartfully, in the operative complaint (Doc. No. 74), Plaintiffs are suing various state judicial officers, officials, attorneys and other non-state employees relating to wrongs

they assert they suffered in connection with various state court proceedings.  As was clear at the hearing held on this matter, the thrust of Plaintiffs' claims relate solely to actions taken by the state employed Defendants in their official capacities.  Specifically, Plaintiffs allege a cause of action against all Defendants except Sperl for "civil rights violations" under 42 U.S.C. § 1983, namely, "extreme, malicious, and outrageous conduct" relating to the various proceedings in state court (Count I); against all Defendants for "violation of Plaintiffs constitutionally protected First Amendment right" (without mention of § 1983) in "prohibiting their right for [sic] redress of grievances in state court" (Count II); against Sperl, Neitzke and Brown for wrongful Breach of Agreement; namely, the Order of Modification of Final Judgment of Dissolution of Marriage (Count III); against all Defendants for "violation of Plaintiffs constitutionally protected Fifth Amendment right" (without mention of § 1983) in compelling Plaintiffs to appear at state court hearings (Count IV); against Defendants Graham, Neitzke and Sperl, for violation of Plaintiffs "protected Eleventh Amendment Right" (Count V); against all Defendants for violation of "Title IV" (Count VI); and against all Defendants for violations of 42 U.S.C. § 1985, "conspiracy to interfere with civil rights" for "intimidating Plaintiff Davis while acting as a witness" (Count VII).

The relief sought in these counts includes "restoration of minor son Karl J. Sperl," reinstatement of Plaintiff's drivers license, recovery of undisbursed child support payments, "unemployment funds 32%," as well as "lost income, lost attorney fees, punitive damages," annulment of the existing Order of Modification of Final Judgment of Dissolution of Marriage, and an unspecified injunction.

# *ANALYSIS*

The allegations and representations made by Plaintiffs at hearing make clear that Plaintiffs seek to challenge several state court orders and rulings, and related actions, with respect to several separate criminal, family and civil court actions, including child custody and support rulings.  *See* Doc. No. 135.  This Court is without subject matter jurisdiction to entertain such claims, pursuant to the *Rooker-Feldman* doctrine.[2]  The doctrine bars a losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy,* 512 U.S. 997 (1994).  *Rooker-Feldman* recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction and does not authorize district courts to exercise appellate jurisdiction over state-court judgments.  As explained by the Supreme Court, if the state-court decision was wrong, that does not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding.  Federal district courts lacked the requisite appellate authority, for their jurisdiction was "strictly original." *Rooker,* 263 U.S. at 416.  *See also Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* __ U.S. __, 125 S.Ct. 1517, 161 L.Ed.2d 454, 73 USLW 4266 (U.S. Mar 30, 2005).  Here, Plaintiffs seek  precisely the sort of review and relief that is prohibited by the doctrine.  Thus, the motions to dismiss should be **granted.**

Moreover, to the extent the operative complaint could somehow be construed to state a cause of action under 42 U.S.C. § 1983 that is not barred by *Rooker-Feldman*, the claim is defective as a matter of law.  Although Plaintiffs insist that all Defendants are sued in their individual capacities,

---

[2]*Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

the actions complained of (to the extent they can be discerned from the conclusory and muddled allegations of the operative complaint) are actions taken by Defendants in their official capacities. John Tanner, as Volusia County State Attorney, "was not only willing to prosecute defendant Chew under the erroneous false check charges but [was] also willing to engage in malicious prosecution in pursuit of a ten year prison sentence against plaintiff Chew. . ." (Allegation 36). Defendant Graham, a state court judge, is being sued for granting a temporary petition for injunction, executing and delivering a copy of a final judgment of injunction, and denying a motion for rehearing (Allegation 30). Defendant Winslow is a child support hearing officer. The operative complaint asserts that Winslow's report and recommendation of hearing officer "was fraudulent and unconscionable." (Allegation 11). Defendant Matousek is a state Clerk of Court, sued for "re-filing" a claim under a new case number (Allegation 35). Defendant Jimenez is legal counsel for the state Department of Highway Safety and Motor Vehicles, and Defendant Zmijewski was an assistant state attorney. Both "receive[d] correspondences from Plaintiff" but caused Plaintiff's driver's license to remain "utterly void" anyway (Allegations 20-21).

The allegations all implicate official conduct, and, as such, these state actors are immune from suit. "It is . . . well established that officials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages." *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999); accord *Wahl v. McIver,* 773 F. 2d 1169, 1172 (11th Cir. 1985). Prosecutors are also entitled to absolute immunity when initiating and pursuing a criminal prosecution. *See Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Clerks of court may also be covered by absolute judicial immunity for performing a ministerial function at the direction of the judge, or qualified immunity for performing routine

functions. *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980).  Assigning a case number and accepting a case for filing are clearly routine functions.  The lawyer for the DMV is also entitled to qualified immunity.[3]

Although these motions raise several other defenses, the above two points are dispositive. Defendants Tanner, Matousek, Winslow, Graham, Jimenez and Zmijewski should be dismissed, with prejudice.

As for other Defendants, the record reflects that timely and adequate service was not had on Defendants Elliot Stroves, Barbara Francher Jones, John Bolton, and Donna Zmijewski.[4]  As such, it is **respectfully recommended** that the complaint be **dismissed,** with respect to Stroves, Jones and Bolton, pursuant to Rule 4(m), Federal Rules of Civil Procedure.

With respect to the remaining Defendants (and motions) the Court finds as follows:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT JUDGMENT AGAINST RICHARD E. BROWN (Doc. No. 99)** |
| **FILED:** | **July 26, 2005** |
| | |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**, with prejudice. | |

---

[3]When applicable, qualified immunity protects government actors performing discretionary functions from liability for civil damages when being sued in their individual capacities.   When qualified immunity is asserted in the context of a motion to dismiss, we look to the pleadings to see if the plaintiff has successfully alleged the violation of a clearly established right.  *See Snider v. Jefferson State Cmty. Coll.*, 344 F.3d 1325, 1327 (11th Cir. 2003).  Here, Plaintiffs have not met this standard.  There is no constitutional right not to have your driver's license suspended.

[4]For defendants Jones, Bolton and Stroves, no appearance was made.  Defendant Zmijewski's attorney made a limited appearance, and has moved to dismiss on her behalf for lack of personal jurisdiction, as well as several other meritorious grounds.  Based on these grounds, as set forth above, the Court recommends that she be dismissed, with prejudice.

The Court has already repeatedly denied the motion for default judgment against this Defendant. *See* Doc. Nos. 46, 64, 93.  For the final time, the Court notes that a default judgment is not appropriate here as Defendant Brown has timely appeared in the litigation, prior to the expiration of 20 days after Plaintiffs perfected service on May 23, 2005.[5]

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT JUDGMENT AGAINST HARRY SPERL (Doc. No. 100)** |
| **FILED:** | **July 26, 2005** |
| | |
| | **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. |

As above, the motion for default judgment against this Defendant has been denied by the Court twice previously (Doc. Nos. 64, 93).  The record reflects that "service" was first attempted via UPS (Doc. No. 27).   As above, that attempt does not constitute good service.  On March 29, 2005, Defendant Sperl was served via the county sheriff (Doc. No. 86).  Sperl has served a responsive pleading on April 13, 2005, and has timely appeared in this action (Doc. No. 31).

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MOTION TO DISMISS JOHN TANNER (Doc. No. 119)** |
| **FILED:** | **August 4, 2005** |
| | |
| | **THEREON** it is **RECOMMENDED** that the motion be **DENIED, as moot.** At hearing, Plaintiff confirmed that the relief sought was not his intent. |

---

[5]Defendant Brown was not one of the original defendants in this matter.  He first appeared as a party in the Second Amended Complaint filed on April 12, 2005 (Doc. No. 25).  It appears that Plaintiff first "served" Defendant Brown via sending a package through UPS (Doc. No. 33).  The unsworn computer printout reflects that someone named "Hayes" signed for a package.  This is not an acceptable affidavit showing adequate service of process.  Plaintiff tried again in May, using the sheriff's office (Doc. No. 84).  On May 23, 2005, Brown had made an appearance in this matter (Doc. No. 52).

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO DISMISS JOHN BOLTON (Doc. No. 120)** |
| **FILED:** | **August 5, 2005** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**. At hearing, Plaintiff confirmed that the relief sought was not his intent.

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO DISMISS SROVES (Doc. No. 127)** |
| **FILED:** | **August 12, 2005** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**. At hearing, Plaintiff confirmed that the relief sought was not his intent.

With respect to the remaining Defendants, Richard Brown was the mediator in one of the state court cases, Harry Sperl is a private citizen and the ex-husband of Plaintiff Chew, and Eric Neitzke is Sperl's lawyer.

Construed liberally, the asserted basis of this Court's jurisdiction is federal question jurisdiction, specifically, alleged violations of 42 U.S.C. § 1983.[6]  That claim, however, fails as a matter of law against these Defendants.

Initially, the Court notes that Plaintiff Chew has sued these three Defendants in this Court previously, alleging what appears to be the same claim, and that claim was dismissed.  *See Karl Sperl, minor by and through Leyda E. Chew v. Frank Marriott, Eric Neitzke, James R. Evans, Harry Sperl and Richard E. Brown,* Case No. 6:04cv194-Orl-31JGG. As set forth in that case, in order to obtain

---

[6]As noted above, not all the counts of the operative complaint mention Section 1983.  Indeed, Count III is a breach of agreement action, presumably under state law, and Count VI is an action for violation of the otherwise unidentified "Title IV."  The operative complaint is silent as to what this refers to, and, without more, this count is incomprehensible.

relief under § 1983, a plaintiff must show that a person acting under color of state law deprived him or her of a federal right.  *Patrick v. Floyd Medical Center,* 201 F. 3d 1313, 1315 (11th Cir. 2000).  The under-color-of-state-law element excludes merely private conduct, no matter how wrongful.  *American Manufacturers mutual Insurance Company v. Sullivan,* 526 U.S. 40, 50 (1999).  Section 1983 can only reach the conduct of non-state actors in three circumstances: 1) if the private individuals are performing functions traditionally in the exclusive prerogative of the state ("the public function test");  2)   if the private Constitutional violation is coerced, or at least significantly encouraged by government ("the state compulsion test"); or 3) if the state has so far insinuated itself into a position of interdependence with the private party that it was a joint participant in the enterprise ("the nexus/joint action test").  *Willis v. University Health Services, Inc.,* 993 F. 2d 837, 840 (11th Cir. 1993).

Applied here, Plaintiffs allegations are not actionable under Section 1983, as a matter of law. The operative complaint fails to show that these private parties acted under color of state law to deprive Plaintiffs of any rights, privileges, or immunities secured by the Constitution.[7]  There are no allegations that meet the public function test, the state compulsion test, or the nexus/joint action test, sufficient to reach the conduct of these private parties under § 1983.

---

[7]The operative complaint is silent as to whether mediator Brown was a de facto state actor, in that he was arguably performing a quasi-judicial function traditionally performed by the state.  To the extent Richard Brown is being sued for his actions as a mediator, however, he is entitled to judicial immunity, to the same extent as judges.  Fla. Stat. Ann. § 44.107. As that immunity is absolute for actions taken in his official capacity, and the only actions complained of here are official actions, the claim must be dismissed.

Absent a viable federal claim, the Court is without jurisdiction to entertain any remaining claim.[8]  As a District Court may not normally dismiss claims *sua sponte* for failure to state a cause of action without giving the plaintiff notice and an opportunity to respond, it is **respectfully recommended** that the District Court issue an Order to Show Cause as to why the remaining claims should not be dismissed for the reasons stated above.

| | |
|---|---|
| **MOTION:** | **MOTION FOR PRELIMINARY INJUNCTION (Doc. No. 116)** |
| **FILED:** | **August 3, 2005** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot, in view of the foregoing. | |
| **MOTION:** | **MOTION TO SEVER (Doc. No. 88)** |
| **FILED:** | **July 18, 2005** |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |
| **MOTION:** | **MOTION FOR CLARIFICATION (Doc. No. 131)** |
| **FILED:** | **August 26, 2005** |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |
| **MOTION:** | **AMENDED MOTION FOR CLARIFICATION (Doc. No. 133)** |
| **FILED:** | **August 29, 2005** |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

---

[8]There are no allegations sufficient to invoke diversity jurisdiction and all parties, save Sperl, appear to be Florida residents.

-11-

| MOTION: | MOTION FOR PRELIMINARY INJUNCTIVE RELIEF REGARDING DISCLOSURE OF DOCUMENTS (Doc. No. 134) |
|---|---|
| FILED: | August 29, 2005 |

THEREON it is ORDERED that the motion is DENIED, as moot.

| MOTION: | MOTION FOR TRANSCRIPT OF HEARING (Doc. No. 136) |
|---|---|
| FILED: | August 29, 2005 |

THEREON it is ORDERED that the motion is DENIED without prejudice. A motion is not required to request a transcript of the hearing from the Clerk's office. Parties are free to contact and make arrangements for payment with the Clerk's office regarding transcript requests.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 1, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
Courtroom Deputy